**300**

### AMERICAN SURETY CO. OF NEW YORK v. SCHOOL DIST. OF HAVERFORD TP.

### No. 6758.

Circuit Court of Appeals, Third Circuit.

Nov. 17, 1938.

Rehearing Denied Jan. 24, 1939.

Wm. A. Schnader, of Philadelphia, Pa., E. Wallace Chadwick, of Chester, Pa., and Gilbert W. Oswald, of Philadelphia, Pa., for appellant.

Albert J. Williams, of Media, Pa., and Henry Gouley, of Philadelphia, Pa., for appellee.

Before DAVIS, MARIS, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the School District of Haverford Township, hereafter called Haverford, brought suit against the American Surety Company, hereafter called American, on a $300,000 surety bond given by a depository bank to Haverford, and recovered a judgment for $230,081.33 for breach thereof. Thereupon American took this appeal.

The bond provided: "If (the Bank) shall for a term of one year, to wit, from the first day of July, 1930 at nine o'clock A. M. to the close of business on the first day of July 1931 faithfully keep, pay out and account for all of the school funds and property of the said school that may come into its hands etc." then etc.

There is no dispute as to the pertinent facts, and the question involved is: "Where a bond, given to secure a School District's deposit in a depository chosen for an indefinite term, is conditioned that the depository 'shall for a term of one year, to wit from the first day of July, 1930, at 9 o'clock A. M. to the close of business on the first day of July, 1931, faithfully keep, pay out and account for' the funds coming into its hands, and where the depository pays promptly all checks and demands during the term specified and the School District thereafter continues the bank as its depository, may the surety be held liable for the failure of the depository on October 27, 1931,—nearly four months after the expiration of the term of the bond?"

The proofs are that when the bond was given, Haverford had on deposit in the bank some $229,000. During the year following it deposited some $1,612,000 more. During the bounden year the Bank paid all checks drawn by Haverford and in that regard complied with the condition of the bond, viz., to "faithfully keep, pay out and account for" all the school funds and property of the said school that may come into its hands. After the termination of the year Haverford still continued Bank as its depository and made additional deposits of some $549,000, and when Bank closed on October 27, 1931, it had on deposit some $590,000.

From the above it is clear there was no default within the stipulated year, either in keeping the deposited funds of Haverford or in paying them out, as it did, upon the checks of Haverford. So also there was no default by Bank in accounting for the funds, since this obligation, as distinguished from its obligation to pay out, was merely to render accurate accounts of deposits made and checks paid and of deposit balance remaining and it is not sug-

gested that such accounts were not rendered.

There was no obligation under the bond to pay over to Haverford the deposit balance in the hands of the Bank on July 1, 1931, the end of the bounden year, and in any case the continuance by Haverford of the Bank as depository after that date and its voluntary retention of its deposit balance in the Bank had the same legal effect as an actual withdrawal followed by a redeposit would have had. City of Pittsburg v. Rhodes, 230 Pa. 397, 79 A. 634.

So holding, the judgment below is reversed and the cause remanded for due procedure in accordance herewith.